IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                Case No. 23-cv-60

STATE OF WISCONSIN, DEPARTMENT
OF MILITARY AFFAIRS,

     Defendant.

## DEPOSITION DESIGNATIONS FOR JOANE MATHEWS, STACIE ANN MEYER, AND GREGORY ENGLE

Having reviewed the parties' proponent deposition designations as well as the objections to counter-designations (dkt. #133-1), the court makes the following rulings as to witnesses Joane Mathews, Stacie Ann Meyer, and Gregory Engle.  As to Meyer's personal capacity deposition (dkt. #131), absent a proffer from plaintiff at the second final pretrial conference, her personal capacity deposition designations will only be allowed at any injunctive relief stage.  **Plaintiff shall remove all objections and any other asides or discussions between counsel and/or with the court reporter, as well as any "dead time," even where not noted by the court in its rulings.**

**Joane Mathews, Rule 30(b)(6) Deposition, September 28, 2023 (Dkt. #129)**

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 6: 1 – 3 | No objection. | | *Offered for Liability* | STRIKE as to all designations and counter-designations on page 6; court will advise on Mathews' role as a Rule 30(b)(6) designee |
| 6: 22 - 7: 5 | This designation may mislead the jury because Joane Mathews testified as the Rule 30(b)(6) designee and is therefore testifying as the agency WDMA. Fed. R. Evid. 403. | 6:7-14. | No objection.<br><br>*Offered for Liability* | STRIKE designation 6:22-25 and counter-designation 6:7-14; ALLOW as to 7:1-5. |
| 7: 19 - 22 | Objection. This designation is cumulative and makes it appear as if the witness is being impeached before any testimony has been taken. The designation | | Defendant's Objection is unfounded. Designation 6:1-3 and 7:19-22 are consistent. Designation at 7:19-22 is not impeachment.<br><br>*Offered for Liability* | STRIKE; objection SUSTAINED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | at 6:1-3 contains the witness has been duly sworn and is testifying under oath. | | | |
| 9: 9 - 11: 1 | No objection. | | *Offered for Liability* | ALLOW |
| 15: 9 - 16: 22 | No objection. | | *Offered for Liability* | ALLOW |
| 18: 13 - 20 | Object to the question at 18:13-14 as vague (objections to form were reserved at deposition). | For completion: 18:21-19:2. | Defendant's Objection is unfounded. All objections *other* than form were reserved, and Defendant's counsel did not object to the form of the question at the deposition.<br><br>No objection to the counter-designation.<br><br>*Offered for Liability* | Objection SUSTAINED; STRIKE 18:13-17; ALLOW 18:18-20; ALLOW counter-designation. |
| 19: 3 - 20 | Objection as incomplete. See proposed counter-designation | For completion: 18:21-19:2. | No objection.<br><br>*Offered for Liability* | ALLOW and objection OVERRULED |
| 21: 20 - 22: 8 | Objection 21:20-23 cites an exhibit which is listed as "may use" on | | Defendant's Objection is unfounded. Ex. 46, which is listed as "will use" on | ALLOW and objection OVERRULED subject to addressing admissibility of |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | Plaintiff's exhibit list (Ex. 16). | | Plaintiff's exhibit list, is an identical but much more legible copy of Ex. 16. If Defendant will stipulate that Ex. 46 and Ex. 16 are identical, that stipulation can be read into the record.  If not, Plaintiff will use Ex. 16, which is listed as "may use" on Plaintiff's exhibit list.<br><br>*Offered for Liability* | Ex. 16 at second final pretrial conference hearing |
| 22: 19 - 25 | Objection to the testimony without the Exhibit 16 to assist the jury. | | Defendant's Objection is unfounded. Ex. 46, which is listed as "will use" on Plaintiff's exhibit list, is an identical but much more legible copy of Ex. 16. If Defendant will stipulate that Ex. 46 and Ex. 16 are identical, that stipulation can be read into the record.  If | ALLOW and objection OVERRULED subject to addressing admissibility of Ex. 16 at second final pretrial conference hearing. |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | not, Plaintiff will use Ex. 16, which is listed as "may use" on Plaintiff's exhibit list.<br><br>*Offered for Liability* | |
| 26: 14 - 29: 23 | No objection subject to counter-designation. | For completion: 24:20-25:11. | Objection. Not for completion. The designation is about the meaning of 81-01 pay schedule listed in January 2017 job announcement (Ex. 16/Ex. 42) and different pay range listed in the April 2017 job announcement (Ex. 16/Ex. 42). The counter-designation is unrelated.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 31: 7 - 19 | No objection. | | *Offered for Liability* | ALLOW |
| 32: 9 – 15 (start with "The") | No objection. | | *Offered for Liability* | ALLOW |
| 32: 25 - 33: 4 | No objection. | | *Offered for Liability* | ALLOW |
| 33: 16 - 34: 20 | No objection. | | *Offered for Liability* | ALLOW |
| 35: 23 - 36: 7 | No objection. | | *Offered for Liability* | ALLOW |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 36: 14 - 38: 11 | No objection subject to counter-designation | For completion: 36:12-19. | Objection. Not for completion. Adds only 36:12-13, which is a response to a prior question.<br><br>*Offered for Liability* | ALLOW designation; STRIKE counter-designation |
| 38: 25 - 39: 3 (start with "If) | No objection | | *Offered for Liability* | ALLOW |
| 39: 25 - 40: 10 | No objection subject to counter-designation | For completion: 39:4-24 | Objection. This testimony is not accurate, per Meyer's Personal Capacity Testimony at 37:11-15.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 40: 16 - 23 | No objection subject to counter-designation | For completion: 40:24-41:9. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation |
| 42: 5 - 43: 14 | Objection. Relevance. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. Designation is relevant as it shows (1) why the salary paid on appointment to a bureau director is significant. The state compensation rules allow an increase in the hourly salary through a DERA, which can occur | ALLOW and objection OVERRULED. |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | only once per year and (2) The WEM Administrator can initiate DERA, which provides a foundation for Satula's and Engle's testimony on this point.  Is not prejudicial, confusing, or cumulative.<br><br>*Offered for Liability* | |
| 44: 3 - 12 | No objection | | | ALLOW |
| 49: 3 - 24 | Objection. Fed. R. Evid. 401, 403, 602 (See counsel's objection at 53:22-64:3), and WDMA's motion in limine #6. (Dkt. 92:16-19.) | Subject to objection: 53:6-9. | Defendant's Objection is unfounded. Designated testimony about Designation regarding O'Connor's bureau director salary is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). FRE 602 is inapplicable to Rule 30(b)(6) witness | ALLOW designation and counter-designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | testifying about WDMA salary documents showing salaries paid to a former employee.<br><br>*Offered for Liability* | |
| 52: 12 - 53: 5 (start with "Do") | Objection. Fed. R. Evid. 401, 403, 602 (See counsel's objection at 53:22-64:3), and WDMA's motion in limine #6. (Dkt. 92:16-19.) | Subject to objection: 53:6-9 for completion. | Defendant's Objection is unfounded. Designation regarding O'Connor's bureau director salary is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). FRE 602 is inapplicable to Rule 30(b)(6) witness testifying about WDMA salary documents showing salaries paid to a former employee. No objection to counter-designation. | ALLOW designation and counter-designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | *Offered for Liability* | |
| 54: 18 - 24 (start "what") | Objection. Fed. R. Evid. 401, 403. WDMA's motion in limine #6. (Dkt. 92:16-19.) | Subject to objection: 53:6-9 for completion. | Defendant's Objection is unfounded. Defendant stipulated to the facts regarding the positions O'Connor held prior to WDMA promoting him to the Director of the Bureau of Response and Recovery in lieu of Mr. O'Connor's testimony. (Dkt. 75-1). No objection to counter-designation.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 55: 8 - 56: 18 | Objection. Fed. R. Evid. 401, 403, 602 (See counsel's objection at 53:22-64:3), and WDMA's motion in limine #6. (Dkt. 92:16-19.) | Subject to objection: 53:6-9 for completion. | Defendant's Objection is unfounded. Designation regarding O'Connor's bureau director salary is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to | ALLOW designation and counter-designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | Defendant's motion in limine #6 (Dkt. 120 at 9-14). FRE 602 is inapplicable to Rule 30(b)(6) witness testifying about WDMA salary documents showing salaries paid to a former employee. No objection to counter-designation. *Offered for Liability* | |
| 56: 21 - 25 | Objection. Fed. R. Evid. 401, 403. WDMA's motion in limine #6. (Dkt. 92:16-19.) | | Defendant's Objection is unfounded. Designation regarding Reed's bureau director salary is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). *Offered for Liability* | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 57: 9 - 58: 11 (start with "Is") | Objection. Fed. R. Evid. 401, 403, 602 (See counsel's objection at 53:22-64:3), and WDMA's motion in limine #6. (Dkt. 92:16-19.) | | Defendant's Objection is unfounded. Designation regarding Reed's employment and salary as a bureau director is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). FRE 602 is inapplicable to Rule 30(b)(6) witness testifying about WDMA salary documents showing salaries paid to a former employee. *Offered for Liability* | ALLOW; objection OVERRULED |
| 58: 20 - 23 | Objection. Fed. R. Evid. 401, 403. WDMA's motion in limine #6. (Dkt. 92:16-19.) | | Defendant's Objection is unfounded. Designation regarding Reed's employment and salary as a bureau director is relevant under 401 and should | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14).<br><br>*Offered for Liability* | |
| 59: 5 − 25 (start with "please") | Objection. Fed. R. Evid. 401, 403, 602 (See counsel's objection at 53:22-64:3), and WDMA's motion in limine #6. (Dkt. 92:16-19.) | Subject to objection: 60:1-3 for completion. | Defendant's Objection is unfounded. Designation regarding O'Connor salary in comparison to Reed's salary as bureau director is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). No objection to counter-designation.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 60: 9 − 12 (stop at "WDMA_006531") | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | Designation regarding Engle's salary as bureau director hired by Satula and approved by Dunbar is relevant to WDMA's salary offer to Hartness for the other bureau director position, and not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 60: 17 - 61: 25 | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. Designation regarding how Engle's salary as bureau director was determined when hired by Satula when Dunbar was TAG is relevant to WDMA's salary offer to Hartness for the other bureau director position, and not subject to exclusion under FRE 403. | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | *Offered for Liability* | |
| 63: 20 – 66: 16 | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. Designation regarding how Engle's salary as bureau director was determined when hired by Satula when Dunbar was TAG is relevant to WDMA's salary offer to Hartness for the other bureau director position, and not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |
| 66: 21 - 67: 3 | Objection. Fed. R. Evid. 401, 403, 602. | | Defendant's Objection is unfounded. Designation regarding how Engle's salary as bureau director was determined when hired by Satula when Dunbar was TAG is relevant to WDMA's salary offer to Hartness for the other bureau | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | director position, and not subject to exclusion under FRE 403. FRE 602 is inapplicable to this Rule 30(b)(6) witness testimony.<br><br>*Offered for Liability* | |
| 67: 5 – 14 (start with "I") | Objection. Fed. R. Evid. 401, 403, 602. | | Defendant's Objection is unfounded. Designation regarding how Engle's salary as bureau director was determined when hired by Satula when Dunbar was TAG is relevant to WDMA's salary offer to Hartness for the other bureau director position, and not subject to exclusion under FRE 403. FRE 602 is inapplicable to this Rule 30(b)(6) witness testimony.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 67: 19 (stop at first reference to "Exhibit 24") | No objection. | | *Offered for Liability* | ALLOW |
| 67: 21 – 24 (start with "It") | No objection. | | *Offered for Liability* | ALLOW |
| 68: 3 - 18 | No objection, subject to counter-designation | For completion: 68:19-69:20. | Objection. Not for completeness. Designated testimony is not about reasons WDMA offered Cooke the salary it did.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 70: 1 - 71: 15 | No objection, subject to counter-designation. | For completion: 68:19-69:20 | Objection. Not for completeness. Designated testimony is not about reasons WDMA offered Cooke the salary it did.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 72: 17 - 19 | No objection, subject to counter-designation. | For completion: 68:19-69:20 | Objection. Not for completeness. Designated testimony is not about reasons WDMA offered Cooke the salary it did.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 74: 11 - 75: 8 | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | Designation regarding a DERA paid to Cooke in order to make his salary more comparable to Engle's is relevant to WDMA's pay-setting practices and the way it uses its discretion under the Comp Plan. It is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 87: 7 - 88: 4 (start with "Earlier") | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. Designation regarding whether there are rules that prevent WDMA from offering a candidate the highest maximum starting salary for a position is relevant to this pay discrimination case, and the credibility of the reasons Mathews gave | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | for her recommended salary offer to Hartness. It is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 89: 25 - 90: 23 (start with "I'm") | No objection. | | *Offered for Liability* | ALLOW |
| 91: 14 - 92: 9 (start with "why") | No objection. | | *Offered for Liability* | ALLOW |
| 95: 7 - 97: 1 | No objection, subject to counter-designation | For completion: 97:5-98:15. | No objection. 97:5-98:15 was designated by Plaintiff.<br><br>*Offered for Liability* | ALLOW designation and counter-designation |
| 97: 5 - 98: 15 | No objection. | | *Offered for Liability* | ALLOW |
| 98: 19 - 99: 11 | No objection. | | *Offered for Liability* | ALLOW |
| 99: 14 - 25 | No objection. | | *Offered for Liability* | ALLOW |
| 100: 2 – 101:12 (start with "On") | Objection. Fed. R. Evid. 106. Incomplete as to the explanation of all members of the interview panel. Plaintiff excluded the basis for Mathews's | For completion: 101:13-102:7. | Objection. Not offered for completeness. FRE 403 as explained in Plaintiff's motion in limine no. 3 (ECF No. 98) regarding Mathews' sex and race.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objections OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | participation on the interview panel. | | | |
| 102: 11 - 13 | No objection. | | *Offered for Liability* | ALLOW |
| 102: 14 - 20 (start with "on") | No objection. | | *Offered for Liability* | ALLOW |
| 104: 7 - 12 | No objection. | | *Offered for Liability* | ALLOW |
| 105: 21 - 24 | No objection. | | *Offered for Liability* | ALLOW |
| 107: 5 - 10 | No objection. | | *Offered for Liability* | ALLOW |
| 109: 1 - 5 | No objection. | | *Offered for Liability* | ALLOW |
| 109: 18 - 110: 23 | No objection. | | *Offered for Liability* | ALLOW |
| 111: 3 - 7 | No objection. | | *Offered for Liability* | ALLOW |
| 111: 9 - 21 | No objection. | | *Offered for Liability* | ALLOW |
| 117: 15 - 21 | No objection. | | *Offered for Liability* | ALLOW |
| 123: 7 - 16 | No objection. | | *Offered for Liability* | ALLOW |
| 124: 10 - 21 | No objection, subject to counter-designation | For completion: 126:5-16. | Objection. Not offered for completeness. The designation relates to who played a role in determining the salary offered to Hartness. The counter-designation relates to a separate line of questioning whether the | ALLOW designation and counter-designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | selection panel agreed on a recommendation.<br><br>*Offered for Liability* | |
| 129: 15 – 20 (start with "as") | Objection. Fed. R. Evid. 106, 403. Incomplete information could be misleading or cause juror confusion. Counter-designation completes the information. | For completion: 128:14-129:14. 130:2-4, 130:20-22, 131:17-133:15, 133:20-134:5. | Objection. Counter-designations are not for completeness. Designation is about the hiring supervisor being considered the subject matter expert on qualifications for the position. 128:14-129:14 relates to the HR Director's role. 130:2-4 relates to salary offer Dunbar approved. 130:20-22, 131:17-133:15, and 133:20-134:5 relate to Hartness' counteroffer. Defendant can elicit this testimony in its case.<br><br>*Offered for Liability* | ALLOW designation and counter-designations; objections OVERRULED |
| 135: 6 - 24 | Objection. Fed. R. Evid. 106, 403. Incomplete | For completion: 130:2-4, 130:20-22, | Objection. Counter-designations are not for | ALLOW designation and counter-designations; |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | information could be misleading or cause juror confusion. Counter-designation completes the information. | 131:17-133:15, 133:20-134:5. | completeness. Designation is about the hiring supervisor being considered the subject matter expert on qualifications for the position. 130:20-22, 131:17-133:15, and 133:20-134:5 relate to Hartness' counteroffer. Defendant can elicit this testimony in its case. *Offered for Liability* | objections OVERRULED |
| 136: 6 - 19 | No objection. | | *Offered for Liability* | ALLOW |
| 137: 14 - 15 | No objection. | | *Offered for Liability* | ALLOW |
| 138: 11 - 12 | No objection. | | *Offered for Liability* | ALLOW |
| 142: 12 - 17 | No objection. | | *Offered for Liability* | ALLOW |
| 143: 24 - 144: 7 | Objection. Incomplete information could mislead the jury or cause juror confusion. Fed. R. Evid. 106, 403. | For completion: 198:24-199:5 | Objection. Not for completeness. Designation is about whether WDMA considered for the April 2017 job announcement all candidates who applied to the January 2017 announcement. Counter- | ALLOW designation and counter-designation; objections OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | designation 55 pages later in the transcript in response to a line of questioning about an interrogatory response about Hartness' qualifications for the position. Defendant can elicit this testimony in its case.<br><br>*Offered for Liability* | |
| 145: 2 - 4 | Objection. Incomplete information could mislead the jury or cause juror confusion. | For completion: 145:5-22. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 147: 20 - 148: 2 | No objection. | | *Offered for Liability* | ALLOW |
| 148: 24 - 149: 8 | No objection. | | *Offered for Liability* | ALLOW |
| 151: 3 – 152: 9 (start with "What") | Objection to 152:7-9 as incomplete, and irrelevant without the remainder of the witness's answer. Fed. R. Evid. 106, 403. | For completion: 152:9-10. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 152: 17 - 25 | Objection. Incomplete. Fed. R. Evid. 106, 403. | For completion: 153:22-154:5. | No objection as to 153:22-25. Objection as to 154:1-5. Not for completeness. Designation is related to why the process of recommending candidates in the second round was different than the first round. Counter-designation is a separate question about if the selection board had unanimous agreement on the second round salary offer.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objections OVERRULED |
| 153: 4 - 21 | Objection. Incomplete. Fed. R. Evid. 106, 403. | For completion: 153:22-154:5. | No objection as to 153:22-25. Objection as to 154:1-5. Not for completeness. Designation is related to why the  selection process in the second round was different than the first round. Counter-designation is a separate question about if the selection board had unanimous | ALLOW designation and counter-designation; objections OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | agreement on the second round salary offer.<br><br>*Offered for Liability* | |
| 155: 4 - 11 | No objection. | For completion: 155:12-14. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation |
| 155: 18 - 21 | No objection. | | *Offered for Liability* | ALLOW |
| 156: 6 - 24 | No objection. | | *Offered for Liability* | ALLOW |
| 160: 17 - 20 | No objection. | | *Offered for Liability* | ALLOW |
| 214: 11 - 21 (start with "we") | Objection. Fed. R. Evid. 401, 403, 602, WDMA's motion in limine #6. | | Defendant's Objection is unfounded. Designation regarding O'Connor's bureau director salary is relevant under 401 and should not be excluded under 403 as explained in Plaintiff's Response to Defendant's motion in limine #6 (Dkt. 120 at 9-14). Not inadmissible under FRE 602 because witness testified as to her understanding. | ALLOW designation; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| | | | *Offered for Liability* | |
| 215: 19 - 216: 2 (start with "In") | Objection. Fed. R. Evid. 401, 403. | | Defendant's Objection is unfounded. Designation regarding how Engle's salary as bureau director was determined when hired by Satula when Dunbar was TAG is relevant to WDMA's salary offer to Hartness for the other bureau director position, and not subject to exclusion under FRE 403. Not in admissible under FRE 602 because witness testified as to her understanding. *Offered for Liability* | STRIKE designation; objection SUSTAINED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objection | Rulings |
|---|---|---|---|---|
| 219: 12 – 24 (start with "I") | Objection. Cumulative. To the extent Plaintiff seeks a clear answer to this question 219:18-24 should be the only portion read. | 219:18-24. | No objection to Defendant's proposal to limit designated testimony to 219:18-24.<br><br>*Offered for Liability* | STRIKE designation and counter-designation; objection SUSTAINED |

**Stacie Ann Meyer, Rule 30(b)(6) Deposition, September 27, 2023 (Dkt. #130)**

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 5:1-3 | No objection. | | *Offered for Liability & Injunctive Relief* | STRIKE |
| 5:18-21 | Objection. Incomplete, potential for misleading and juror confusion. Fed. R. Evid. 106, 403. This was a Rule 30(b)(6) designee and such should be reflected in the designations rather than emphasis on the person designated. | For completion: 5:9-14. | No objection. *Offered for Liability & Injunctive Relief* | STRIKE counter-designation; will advise on Meyer's role as a Rule 30(b)(6) designee |
| 5:24 - 6:2 | No objection. | | *Offered for Liability & Injunctive Relief* | STRIKE |
| 6:12-14 | Objection. This designation is cumulative and makes it appear as if the witness is being impeached before any testimony has been taken. The designation at 5:1-3 contains the witness has been duly sworn and is testifying under oath. | | Defendant's Objection is unfounded. Designation 5:1-3 and 6:12-14 are consistent. Designation at 6:12-14 is not impeachment. *Offered for Liability & Injunctive Relief* | STRIKE; objection SUSTAINED. |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 7:23 - 8:15 | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 8:25 - 9:6 (start with "Who") | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 10:9-11(start with "How") | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 12:21 - 13:11 | Objection. Incomplete and cuts off witness's answer. Fed. R. Evid. 106, 403. | For completion: 13:12-15. | No objection. *Offered for Liability & Injunctive Relief* | ALLOW designation and counter-designation; objection OVERRULED |
| 13: 20 - 15:1 | No objection. | | *Offered for Liability* | ALLOW |
| 16:21 - 17:24 (stop at "yes" on 17:24) | Objection. Incomplete and cuts off witness's answer which could cause confusion and mislead the jury. Fed. R. Evid. 106, 403. | For completion: 17:24-25. | No objection. *Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 21:10 – 15 (start with "When") | No objection. | | *Offered for Liability* | ALLOW |
| 30:24 - 31:11 | Objection. Incomplete and cuts off witness's answer which could mislead the jury or cause juror confusion. Fed. R. Evid. 106, 403. | For completion: 31:10-16. | No objection. *Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |

28

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 33:21 - 34:7 | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 34:17 - 35:9 | Objection. Incomplete. Could mislead the jury or cause juror confusion. Fed. R. Evid. 106, 403. | For completion: 35:10-16. | Objection. Not for completion. The designated testimony is about whether individuals can participate in hiring and compensation decisions without having completed new supervisor training. Defendant's designation, regarding the consequences of not completing that training within a year, is not relevant to the discussion.<br><br>*Offered for Liability & Injunctive Relief* | ALLOW designation and counter-designation; objections OVERRULED. |
| 35:17 - 40:6 | No objection. | | *35:17-36:4 Offered for Liability* | ALLOW |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | *36:5-40:6 Offered for Injunctive Relief* | |
| 55:16-25 | Objection. Relevance and could mislead the jury and cause juror confusion. The testimony indicates the spreadsheet would go back 6 years, which would be September 2017 and after the recruitment and selection process at issue. Fed. R. Evid. 401, 403, 407. | | Plaintiff withdraws this designation. | STRIKE as plaintiff has withdrawn this designation. |

**Stacie Ann Meyer, Personal Capacity Deposition, September 27, 2023**
**(Dkt. #131)**

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 5: 1 - 3 | No objection. | | *Offered for Liability & Injunctive Relief* | STRIKE; court designates 6:1-2 for the limited purpose of injunctive relief, not to be presented to the jury |
| 5: 24 - 25 | No objection. | | *Offered for Liability & Injunctive Relief* | STRIKE |
| 7: 20 - 22 | Objection. This designation is cumulative and makes it appear as if the witness is being impeached before any testimony has been taken. The designation at 5:1-3 contains the witness has been duly sworn and is testifying under oath. | | Defendant's Objection is unfounded. Designation 5:1-3 and 7:20-22 are consistent. Designation at 7:20-22 is not impeachment.<br><br>*Offered for Liability & Injunctive Relief* | STRIKE; objection SUSTAINED |
| 16: 15 - 19 | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 17: 10 - 11 | Objection. Incomplete answer to vague question and the next question and answer cures this. Fed. R. Evid. 106. See counter-designation. | For completion: 17:12-19. | No objection.<br><br>*Offered for Liability & Injunctive Relief* | ALLOW designation and counter-designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 19: 9 - 20: 13 | No objection. | | *19:9-19 Offered for Liability & Injunctive Relief*<br><br>*19:20-20:13 Offered for Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 21: 14 - 23 | No objection. | | *Offered for Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 22: 1 - 5 | Objection. Incomplete in a manner that could mislead the jury or cause juror confusion. Fed. R. Evid. 106, 403. | For completion: 22:6–23:23. | No objection.<br><br>*Offered for Injunctive Relief* | ALLOW designation and counter-designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 23: 24 - 24: 19 (start with "Is") | Objection. Incomplete in a manner that could mislead | For completion: 22:6–23:23. | No objection.<br><br>*Offered for Injunctive Relief* | ALLOW designation and counter-designation |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | the jury or cause juror confusion. Fed. R. Evid. 106, 403. | | | for the limited purpose of injunctive relief, not to be presented to the jury |
| 24: 22 - 25: 11 (start with "There's") | Objection. Cumulative to the testimony designated at 22:1–24:19. | | Defendant's objection is unfounded. This is summarizing previous testimony and ensuring it is complete. *Offered for Injunctive Relief* | ALLOW designation and for the limited purpose of injunctive relief, not to be presented to the jury; objection OVERRULED |
| 25: 19 - 26: 4 | Objection. Cumulative to designations in Meyer's Rule 30(b)(6) deposition at Dkt. 29, 34:17–40:6. | | Defendant's objection is unfounded. This testimony is not cumulative of the designated Rule 30(b)(6), as that testimony only discusses new supervisor training, while this testimony discusses three trainings (new supervisor training, training for new employees on anti-discrimination policies, and annual training on antidiscrimination policies) and the fact that none of | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | them address issues related to discrimination and compensation. It's different. *Offered for Liability & Injunctive Relief* | |
| 26: 7 – 27: 25 | Objection. Cumulative to designations in Meyer's Rule 30(b)(6) deposition at Dkt. 29, 34:17–40:6. | | Defendant's objection is unfounded. This limited testimony is not cumulative of the designated Rule 30(b)(6) testimony, as that testimony only discusses new supervisor training, while this testimony discusses three trainings (new supervisor training, training for new employees on anti-discrimination policies, and annual training on antidiscrimination policies) and the fact that none of them address issues related to discrimination and compensation. It's different. | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | *Offered for Liability & Injunctive Relief* | |
| 28: 7 - 30: 3 | Objection to 29:20-30:3 as cumulative to designations from Meyer's 30(b)(6) deposition at Dkt. 29, 34:17-40:6 | | Plaintiff will withdraw 29:20-30:3. *Offered for Liability & Injunctive Relief* | STRIKE 29:20-30:3, as plaintiff has withdrawn that designation; designation otherwise ALLOW for the limited purpose of injunctive relief, not to be presented to the jury |
| 32: 4 - 33: 6 | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 40: 18 - 41: 7 | Objection. Incomplete, the designation omits the witness's definition of "fair consideration" in a prejudicial manner. Fed. R. Evid. 106, 403. | For completion: 41:8-25. | No objection to 41:8-11 for completeness. Objection to 41:12-25, as this is not needed for completion and risks confusing and misleading the jury. That WDMA endeavors to have an individual of the same protected class as all | ALLOW designation and counter-designation for the limited purpose of injunctive relief, not to be presented to the jury |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | applicants on its hiring panels does not mean that discrimination cannot occur. See Plaintiff's motion in limine No. 3 (ECF No. 98). *Offered for Liability & Injunctive Relief* | |
| 44: 20 - 45: 20 (start with "And") | Objection. Relevance. This is discussing process after 2019. Fed. R. Evid. 401, 403, 407. | | Defendant's objections are unfounded. Meyer's testimony, as WDMA's current HR Director, regarding the importance of equity in setting pay, is relevant to whether it was reasonable for WDMA to offer Hartness the salary that it did. *Offered for Liability & Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 47: 22 - 48: 11 (start with "So") | Objection. Relevance, misleading. This is discussing process after 2019. Fed. R. Evid. 401, 403, 407. | | Defendant's objections are unfounded. Meyer's testimony, as WDMA's current HR Director, regarding the importance of equity in setting | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | pay, is relevant to whether it was reasonable for WDMA to offer Hartness the salary that it did.<br><br>*Offered for Liability & Injunctive Relief* | |
| 48: 16 - 49: 10 (start with "We're") | Objection. Relevance, misleading. This is discussing process after 2019. Fed. R. Evid. 401, 403, 407. | | Defendant's objections are unfounded. Meyer's testimony, as WDMA's current HR Director, regarding the importance of equity in setting pay, is relevant to whether it was reasonable for WDMA to offer Hartness the salary that it did.<br><br>*Offered for Liability & Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 49: 24 - 50: 1 | Objection. Relevance, misleading. This is discussing process after 2019. Fed. R. Evid. 401, 403, 407. | | Defendant's objections are unfounded. Meyer's testimony, as WDMA's current HR Director, regarding the importance of equity in setting pay, is relevant | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | to whether it was reasonable for WDMA to offer Hartness the salary that it did.<br><br>*Offered for Liability & Injunctive Relief* | |
| 50: 11 - 15 | Objection. Relevance, misleading. This is discussing her impression after 2019. Fed. R. Evid. 401, 403, 407. | | Defendant's objections are unfounded. Meyer's testimony, as WDMA's current HR Director, regarding the importance of equity in setting pay, is relevant to whether it was reasonable for WDMA to offer Hartness the salary that it did.<br><br>*Offered for Liability & Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 51: 15 - 17 (start with "How") | No objection. | | *Offered for Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 51: 20 - 52: 2 (stop at WDMA_01614 on 52:1) | No objection. | | *Offered for Injunctive Relief* | ALLOW designation for the limited purpose of |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | | injunctive relief, not to be presented to the jury |
| 52: 15 – 53:2 | No objection. | | *Offered for Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury |
| 58: 25 - 59: 1 | Objection. The cited portion of the deposition is counsel's question and no portion of any answer is cited. Counsel's questions are not evidence. Fed. R. Evid. 102, 103(d). | | Defendant's objection is unfounded, as the designated testimony will be read in context with 59:7-18. Plaintiff proposes adding 59:2-7 to address Defendant's concern.<br><br>*Offered for Injunctive Relief* | ALLOW designation for the limited purpose of injunctive relief, not to be presented to the jury; objection OVERRULED |
| 59: 7 - 18 (start with "You") | Objection. This testimony is discussing events in 2019 and 2021, it is irrelevant misleading, confusing and speculation. Fed. R. Evid. 401, 403, 407, 602. | For completion: 67:5–68:15 | No objection, with the understanding that this designation will not be read to the jury as it is relevant only to injunctive relief.<br><br>*Offered for Injunctive Relief* | ALLOW designation and counter-designation for the limited purpose of injunctive relief, not to be presented to the jury; OBJECTION overruled. |
| 69: 25 - 72: 10 | Objection. Irrelevant and | For completion: 67:5–68:15 | No objection, with the | ALLOW designation |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | confusing because the witness is discussing process post-2019. Fed. R. Evid. 401, 403, 407. Also incomplete. Fed. R. Evid. 106. | | understanding that this designation will not be read to the jury as it is relevant only to injunctive relief.<br><br>*Offered for Injunctive Relief* | and counter-designation for the limited purpose of injunctive relief, not to be presented to the jury; objection overruled |

**Gregory Engle Deposition, December 15, 2023 (Dkt. #132)**

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 6: 1 - 3 | No objection. | | *Offered for Liability & Injunctive Relief* | STRIKE |
| 7: 7 - 8 | No objection | | *Offered for Liability & Injunctive Relief* | STRIKE; ADD 7:2-4 |
| 7: 18 - 21 | Objection. This designation is cumulative and makes it appear as if the witness is being impeached before any testimony has been taken. The designation at 6:1-3 contains the witness has been duly sworn and is testifying under oath. | | Defendant's Objection is unfounded. Designation 6:1-3 and 6:12-14 are consistent. Designation at 7:18-21 is not impeachment.<br><br>*Offered for Liability & Injunctive Relief* | STRIKE |
| 18: 20 - 24 | No objection | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 19: 6 - 11 | No objection | | *Offered for Liability & Injunctive Relief* | ALLOW |
| 20: 9 - 18 | No objection. | | *Offered for Liability & Injunctive Relief* | ALLOW |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 22: 18 - 23: 4 | Objection. Incomplete and misleading. Fed. R. Evid. 106, 403. | For completion: 23:5-24:1. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 24: 2 - 5 | Objection. Incomplete and misleading. Fed. R. Evid. 106, 403. | For completion: 23:5-24:1. | No objection.<br><br>*Offered for Liability* | ALLOW designation and counter-designation; objection OVERRULED |
| 25: 3 - 5 | Objection. Fed. R. Evid. 401, 403. | | Defendant's objection is unfounded. That Engle came to the bureau director position in 2012 with limited operational experience but was still given a comparable salary to O'Connor, who had a longer tenure as a bureau director, is relevant and probative of whether it was reasonable for WDMA to refuse to offer Hartness parity with Engle in 2017.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 25: 10 - 27: 3 (Start with "Do") | Objection. Fed. R. Evid. 401, 403. | | Defendant's objection is unfounded. That Engle came to the bureau director position in 2012 with limited operational experience but was still given a comparable salary to O'Connor, who had a longer tenure as a bureau director, is relevant and probative of whether it was reasonable for WDMA to refuse to offer Hartness parity with Engle in 2017.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |
| 33: 15 – 34:16 | Objection. Fed. R. Evid. 401, 403, 602. Speculation. Engle submitted an errata and corrected the erroneous testimony at 33:25, where $82,202 should | | The erroneous testimony is based on Defendant's document, which contains the error. Plaintiff proposes that "or approximately per | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | read $81,887. (Dkt. 38-1, at 1.) | | year" from 33:25 be struck, as Plaintiff agrees this is an inaccurate annualized salary.<br><br>Defendant's other objections are unfounded. Designated testimony regarding the circumstances of Engle's salary offer and negotiation in 2012, based on his personal knowledge, is not speculative. It is relevant to whether WDMA's explanations for its actions in 2017 are credible. This is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 35: 5 - 36: 14 | Objection. Fed. R. Evid. 401, 403, 602. Speculation. | | Defendant's objection is unfounded. Designated testimony regarding the | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | circumstances of Engle's salary offer and negotiation in 2012, based on his personal knowledge, is not speculative. It is relevant to whether WDMA's explanations for its actions in 2017 are credible. This is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 38: 11 - 18 | Objection. Fed. R. Evid. 401, 403. | | Defendant's objection is unfounded. Designated testimony is relevant, as it provides necessary context for 40:15-41:16, 41:18-42:21, and 43:1-42:21, which is relevant for the reasons described below.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| 40: 15 - 41: 16 | Objection. Fed. R. Evid. 401, 403, 602. Speculation. | | Defendant's objection is unfounded. Designated testimony is relevant and probative of whether it was reasonable for WDMA to refuse to offer a salary on par with Engle because Engle served as the deputy administrator. Engle is describing his understanding of the significance of the deputy administrator role, based on his personal knowledge and understanding, so it is not speculative. This is not subject to exclusion under FRE 403. *Offered for Liability* | ALLOW; objection OVERRULED |
| 41: 18 - 42: 21 (start with "You") | Objection. Fed. R. Evid. 401, 403, 602. Speculation. | | Defendant's objection is unfounded. Designated | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | testimony is relevant and probative of whether it was reasonable for WDMA to refuse to offer a salary on par with Engle because Engle served as the deputy administrator. Engle is describing his understanding of the significance of the deputy administrator role, based on his personal knowledge and understanding, so it is not speculative. This is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 43: 1 - 44: 1 | Objection. Fed. R. Evid. 401, 403, 602. Speculation. | | Defendant's objection is unfounded. Designated testimony is relevant and probative of whether it was | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | reasonable for WDMA to refuse to offer a salary on par with Engle because Engle served as the deputy administrator. Engle is describing his understanding of the significance of the deputy administrator role, based on his personal knowledge and understanding, so it is not speculative. This is not subject to exclusion under FRE 403.<br><br>*Offered for Liability* | |
| 44: 18 - 46: 3 | Objection. Fed. R. Evid. 401, 403, 407. Testimony is discussing the bureau director roles post-2021. | | Defendant's objection is unfounded. Designated testimony is relevant and probative of whether it was reasonable for WDMA to refuse to offer a salary on par | STRIKE; objection SUSTAINED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | with Engle because Engle served as the deputy administrator. Engle is describing his understanding of the significance of the deputy administrator role as the current WEM Administrator. That there was no formal distinction for the deputy administrator role before or after Hartness was offered the bureau director position in 2017 bears on the credibility of WDMA's reliance on it.<br><br>*Offered for Liability* | |
| 51: 7 - 53: 24 | Objection. Fed. R. Evid. 401, 403. | | Defendant's objection is unfounded. Designated testimony is relevant as it demonstrates how DERAs are used to create | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | equity in pay. That Engle was awarded a DERA in 2016 (the same day as O'Connor) is probative of whether WDMA had a policy or practice of using the tools available under the State Compensation Plan to ensure bureau directors were paid comparable salaries.<br><br>*Offered for Liability* | |
| 66: 13 - 23 (start with "Were") | No objection. | | *Offered for Liability* | ALLOW |
| 67: 11 - 16 | No objection. | | *Offered for Liability* | ALLOW |
| 75: 2 - 6 | No objection. | | *Offered for Liability* | ALLOW |
| 143: 8 - 22 (stop at "years" on 43: 22) | Objection. Fed. R. Evid. 401, 403, 407. Discussing process after 2021. | | Defendant's objection is unfounded. Designated testimony is relevant, as it provides context for understanding why the low | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | salary offer to Hartness was so significant, as WEM employees are underpaid and there are few ways to increase employee compensation after their pay is set on appointment. Engle, as Administrator, expresses the same views as Satula regarding the ways the State Compensation Plan can and should be used to create parity among bureau directors' salaries.<br><br>*Offered for Liability* | |
| 144: 5 - 145: 6 | Objection. Fed. R. Evid. 401, 403, 407. Discussing process after 2021. | | Defendant's objection is unfounded. Designated testimony is relevant, as it provides context for understanding why the low | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | salary offer to Hartness was so significant, as WEM employees are underpaid and there are few ways to increase employee compensation after their pay is set on appointment. Engle, as Administrator, expresses the same views as Satula regarding the ways the State Compensation Plan can and should be used to create parity among bureau directors' salaries.<br><br>*Offered for Liability* | |
| 173: 11 - 19 | Objection. Fed. R. Evid. 401, 403, 407. Discussing hires after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant, as it demonstrates how Engle, as Administrator, used the State | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | Compensation Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | |
| 190: 1 - 4 | Objection. Fed. R. Evid. 401, 403, 407. Discussing hires after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant, as it demonstrates how Engle, as Administrator, used the State Compensation Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |
| 191: 21 - 192: 17 | Objection. Fed. R. Evid. 401, 403, 407. Discussing hires after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant, as it demonstrates how Engle, as Administrator, | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | used the State Compensation Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | |
| 193: 7 - 13 | Objection. Fed. R. Evid. 401, 403, 407. Discussing hires after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant to Plaintiff's claims for injunctive relief, as Engle was given no guidance to follow in setting a bureau director's salary in 2023.<br><br>*Offered for Injunctive Relief* | ALLOW; objection OVERRULED |
| 195: 17 - 196: 2 | Objection. Fed. R. Evid. 401, 403, 407. Discussing compensation decisions after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant, as it demonstrates how Engle, as Administrator, | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | used the State Compensation Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | |
| 200: 17 - 201: 7 | Objection. Fed. R. Evid. 401, 403, 407. Discussing compensation decisions after the events in this case. | | Designated testimony is relevant, as it demonstrates how Engle, as Administrator, used the State Compensation Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | ALLOW; objection OVERRULED |
| 201: 23 – 202:18 | Objection. Fed. R. Evid. 401, 403, 407. Discussing compensation decisions after the events in this case. | | Defendant's objection is unfounded. Designated testimony is relevant, as it demonstrates how Engle, as Administrator, used the State Compensation | ALLOW; objection OVERRULED |

| Plaintiff's Designation | Defendant's Objection | Defendant's counter-designation | Plaintiff's Objections | Rulings |
|---|---|---|---|---|
| | | | Plan to create parity among bureau directors' salaries in the same ways that Satula did.<br><br>*Offered for Liability* | |

Dated this 13 day of June 13, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge