# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>and<br><br>MICHELLE HARTNESS,<br><br>        Plaintiff-Intervenor,<br><br>  v.<br><br>STATE OF WISCONSIN,<br>DEPARTMENT OF MILITARY AFFAIRS,<br><br>        Defendant. | Civil Action No. 3:23-cv-60<br><br>Honorable William M. Conley<br>Magistrate Judge Anita M. Boor |

## SETTLEMENT AGREEMENT

Plaintiff United States of America ("United States") filed this action alleging that Defendant, State of Wisconsin, Department of Military Affairs ("WDMA") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), by discriminating against Plaintiff-Intervenor Michelle Hartness ("Hartness") based on her sex. Specifically, the United States alleged that WDMA violated Title VII by offering Hartness, a woman, a lower salary for a bureau director position in the Division of Emergency Management than it offered or paid equally or less qualified men. Ms. Hartness intervened in the lawsuit and also alleged that WDMA violated Title VII by discriminating against her based on sex. WDMA denies these allegations. There were no allegations made in the action that WDMA retaliated against any person because such person has opposed any practice prohibited by Title VII, filed a

charge of discrimination under Title VII, or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII.

Plaintiff United States, Plaintiff-Intervenor Hartness, and Defendant WDMA (collectively "the Parties") wish to resolve all issues and claims arising out of the Complaint filed by the United States and the Complaint in Intervention filed by Hartness in this action, and this Settlement Agreement will be binding on the United States, Hartness, and WDMA. The Parties enter into this Settlement Agreement within the constraints of Wisc. Stat. § 165.25(6)(a)1 (2017 Wisconsin Act 369) ("The attorney general may compromise and settle the action as the attorney general determines to be in the best interest of the state except that, if the action is for injunctive relief or there is a proposed consent decree, the attorney general may not compromise or settle the action . . . without first submitting a proposed plan to the [Wisconsin Legislature] joint committee on finance" for review and approval.) The Parties wish to resolve all pending claims, potential claims, and disputes relating to the allegations in the United States' Complaint and Hartness' Complaint in Intervention up to the date this Settlement Agreement is signed.

Therefore, Plaintiff United States, Plaintiff-Intervenor Hartness, and Defendant WDMA agree:

   a.   The Court has jurisdiction over the subject matter of this action and the Parties;
   b.   The Complaint in this case was filed on January 26, 2023, and the Complaint in Intervention was filed on March 16, 2023;
   c.   The Parties engaged in discovery for approximately 12 months;
   d.   The terms of this Settlement Agreement are adequate, fair, reasonable, equitable, and just;

e. This Settlement Agreement conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person;

f. This Settlement Agreement does not constitute an admission of liability by WDMA or any of its employees or agents; and

g. Entry of this Settlement Agreement will further the objectives of Title VII and will be in the best interests of the United States, Hartness, WDMA, and the public interest.

## TERMS OF THE AGREEMENT

1. Defendant WDMA abides by and continues to abide by Title VII, including but not limited to its prohibition against discriminating against an individual based on sex, including for pay discrimination, and against retaliating against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII;

2. Defendant WDMA certifies that it maintains a pay-setting policy entitled Pay Upon Appointment – Broadband Pay Schedules, the purpose of which is to establish consistent practices for setting pay upon appointment for positions in broadband pay schedules. This pay-setting policy is available to WDMA's employees, the United States, Hartness, and the public, via WDMA's website, and is currently maintained at:

https://dma.wi.gov/wp-content/uploads/Pay-Upon-Appointment-Broadband-Pay-Schedule.pdf

3. Defendant WDMA certifies that it maintains anti-discrimination policies, that such policies prohibit unlawful employment discrimination, including but not limited to matters

governed by Title VII, and that such policies are available to WDMA's employees, the United States, Hartness, and the public, via WDMA's website, and are currently maintained at:

https://dma.wi.gov/resources/state-human-resources-office/dma-state-equity-and-inclusion/ (see especially link to "P&P 3.140 Equity and Inclusion Strategic Plan and Complaint Procedure")

https://dpm.wi.gov/Hand%20Book%20Chapters/WHRH_Ch_440.pdf

https://dma.wi.gov/resources/equal-opportunity-and-equal-employment-opportunity-eo-eeo/

   4. Defendant WDMA certifies that it maintains policies and procedures consistent with Defendant's policies for prevention and prohibition against discrimination, harassment, and retaliation based on membership in a protected class, including discrimination based on sex, and those procedures, among other requirements, describe processes to file, investigate, and resolve complaints, and that such information is available to WDMA's employees, the United States, Hartness, and the public, via WDMA's website, and are currently maintained at:

https://dpm.wi.gov/Hand%20Book%20Chapters/WHRH_Ch_440.pdf

https://dma.wi.gov/resources/state-human-resources-office/dma-state-equity-and-inclusion/ (see links to "P&P 3.140 Equity and Inclusion Strategic Plan and Complaint Procedure" and "DOA-15813 Respectful Workplace Complaint Form")

   5. Defendant WDMA trains personnel on the Pay Upon Appointment – Broadband Pay Schedules policy; and

   6. The Parties agree this Settlement Agreement will be filed publicly with the Court and is a public record as defined by the Wisconsin Public Records Law, Wis. Stat. § 19.31 et seq.

## CONSIDERATION

   7. No later than thirty days after execution of the Settlement Agreement and receipt by Defendant WDMA of a signed copy of a Release in the format of Exhibit A, Defendant will:

    a.  issue and mail by certified or registered mail a check in the gross amount of fifteen thousand dollars ($15,000), less the employee's share of required payroll withholding, payable to Hartness, to the address provided by Hartness;

    b.  issue and mail by certified or registered mail a check in the amount of one hundred sixty thousand dollars ($160,000) payable to The Previant Law Firm, S.C., to 310 West Wisconsin Avenue, Suite 100 MW, Milwaukee, WI 53203;

    c.  provide a copy of both checks to the United States and Hartness; and

    d.  pay all employer-side taxes, employer-paid withholdings, and deductions on behalf of Hartness to the appropriate governmental agencies and issue the appropriate tax forms.

8. Within fourteen days of confirmation of payment, the Parties will jointly move this Court for the entry of the attached Joint Stipulation for Dismissal.

9. The United States and Defendant will bear their own expenses, attorneys' fees, and costs, and Plaintiff-Intervenor will not receive any additional monetary award for expenses, attorneys' fees, and costs beyond the amounts in paragraph 7.

Agreed to and entered into by:

For Plaintiff UNITED STATES OF AMERICA

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division

CLARE GELLER (NY Reg. No. 4087073)
Deputy Chief
Employment Litigation Section
Civil Rights Division

_[signature]_
PATRICIA L. STASCO (DC Bar No. 490041)
CATHERINE SELLERS (WA Bar No. 44563)
CHRISTINE T. DINAN (DC Bar No. 979762)
Senior Trial Attorneys
YOUNG E. CHOI (CA Bar No. 327027)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, NE, 9th Floor
Washington, D.C. 20530
(202) 305-5455 (Stasco)
(202) 598-0696 (Sellers)
(202) 532-5088 (Dinan)
(202) 598-0168 (Choi)
patricia.stasco@usdoj.gov
catherine.sellers@usdoj.gov
christine.dinan@usdoj.gov
young.choi@usdoj.gov


For Plaintiff-Intervenor MICHELLE HARTNESS

_[signature]_
JILL M. HARTLEY (WI Bar No. 1027926)
EMMA M. WOODS (WI Bar No. 1120187)
The Previant Law Firm S.C.
310 W. Wisconsin Ave., Suite 100
Milwaukee, Wisconsin 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
jh@previant.com
emw@previant.com


For Defendant STATE OF WISCONSIN, DEPARTMENT OF MILITARY AFFAIRS

JOSHUA L. KAUL
Attorney General of Wisconsin

_[signature]_
SARAH A. HUCK
Assistant Attorney General
State Bar #1036691

RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188 (Bachhuber)
(608) 266-7971 (Huck)
(608) 294-2907 (Fax)
hucksa@doj.state.wi.us
bachhuberrl@doj.state.wi.us

Dated: September 19, 2024